UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00298-SEP |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff John Joseph Sullivan, an inmate at Farmington Correctional Center, for leave to commence this civil action without prepaying fees and costs. For the reasons below, Plaintiff's *in forma pauperis* status will be denied pursuant to 28 U.S.C. § 1915(g), and this action will be dismissed without prejudice.

### BACKGROUND

Plaintiff initiated this case on March 9, 2021, by filing a complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections; Corizon, LLC; and John Doe (Male Nurse). The allegations in the complaint concern medical treatment he received for gastrointestinal symptoms.

Plaintiff alleges that he underwent a procedure on October 1, 2019, that injured him. He alleges that he suffered ongoing gastrointestinal symptoms and that an unidentified male nurse gave him a saltwater flush procedure that resulted in pain in his rectum.[1] As stated in his prior case with this Court, he has received ongoing medical treatment since the saltwater flush. Plaintiff claims that such treatment has been inadequate, and he has suffered from gas and hemorrhoids. He doesn't feel that the hemorrhoid cream and ongoing medical treatment have adequately resolved his complaints after the saltwater flush procedure. For relief, Plaintiff asks

---

[1] Plaintiff filed substantially the same complaint in this Court relating to these factual circumstances in *Sullivan v. Missouri*, 19-cv-03139 (E.D. Mo. filed Nov. 22, 2019). That action was dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g) on June 12, 2020.

the Court to award him damages in the amount of $2 million and payment for medical bills he may have in the future as a result of the October 1, 2019, procedure.

## DISCUSSION

According to the Prison Litigation Reform Act of 1996, a prisoner's ability to proceed *in forma pauperis* is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenge. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of records from this Court and the United States District Court for the Western District of Missouri shows that Plaintiff has, while incarcerated, filed more than three civil actions *in forma pauperis* that were dismissed as frivolous or malicious, or for failure to state a claim.[2] Accordingly, he may not proceed *in forma pauperis* in this action unless the allegations in the amended complaint show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Proceeding *in forma pauperis* is a privilege—not a right—and it may be revoked if it appears that the goals of § 1915 are not advanced. *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986); *see also Anderson v. Hobbs*, 2014 WL 4425802 (W.D. Ark. Sept. 9, 2014) (revoked *in forma pauperis* status when plaintiff was not in imminent danger of serious physical injury).

Here, Plaintiff alleges that he suffered pain and injury during a procedure performed on October 1, 2019. Those allegations establish only past harm, which is insufficient to allow Plaintiff to continue proceeding *in forma pauperis* in this action. "[A]n otherwise ineligible prisoner is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of*

---

[2] *Sullivan v. Harris*, 18-cv-04203 (W.D. Mo. Sept. 28, 2018); *Sullivan v. Bates Cnty. Cir. Ct.*, 18-cv-00861 (W.D. Mo. Oct. 29, 2018); *Sullivan v. Harris*, 19-cv-04039 (W.D. Mo. Feb. 22, 2019); *Sullivan v. Missouri*, 18-cv-01816 (E.D. Mo. Oct. 23, 2018); *Sullivan v. Cofer*, 19-cv-01504 (E.D. Mo. May 23, 2019); *Sullivan v. Austin*, 19-cv-02044 (July 18, 2019).

*filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Nor do Plaintiff's allegations of ineffective medical treatment for his symptoms show that he is in imminent danger of serious physical injury. To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Here, the ongoing symptoms Plaintiff describes amount to discomfort or inconvenience, not serious physical injury. Accordingly, pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action. The Court will therefore deny Plaintiff's request to proceed *in forma pauperis* and dismiss this action without prejudice to the filing of a fully-paid complaint.

The Court notes that, even if Plaintiff were permitted to proceed *in forma pauperis*, this action would still be dismissed on preliminary review under 28 U.S.C. § 1915A. In the complaint, Plaintiff names three Defendants: the Missouri Department of Corrections; Corizon, LLC; and John Doe (Male Nurse). Plaintiff's allegations fail to state a claim against any of those Defendants.

The Missouri Department of Corrections is a State agency of the State of Missouri. Thus, Plaintiff's official capacity claims are claims against the State. A State is not a "person" for purposes of 42 U.S.C. § 1983. Because the State of Missouri and its officials are not § 1983 persons, Plaintiff fails to state a § 1983 claim. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)) ("Section 1983 provides a cause of action against 'persons' only.").

Plaintiff likewise fails to allege a viable claim against Corizon, LLC. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Here, Plaintiff fails to set forth allegations that Corizon acted according to any unconstitutional policies or procedures.

Finally, Plaintiff's allegations do not state a constitutional claim against John Doe (Male Nurse). Nowhere in the complaint does Plaintiff allege that John Doe, or any other prison or Corizon official, was aware of and deliberately disregarded a serious medical need, as required to

3

state a claim of deliberate indifference to serious medical needs under the Eighth Amendment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Rather, Plaintiff alleges that the male nurse gave him a saltwater flush in the fall of 2019 that resulted in rectal pain. Those allegations do not make out a constitutional claim for deliberate indifference to Plaintiff's serious medical needs. *See id.* (to show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that Defendants actually knew of but deliberately disregarded those needs). Plaintiff's allegations more closely resemble mere negligence, which does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, Plaintiff fails to state a § 1983 claim against John Doe (Male Nurse).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [2]) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being re-filed upon payment of the filing fee. A separate Order of Dismissal will be entered.

**IT IS FURTHER ORDERED** that, in the alternative, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. [3]) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 30th day of April, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE